IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY JEFFERSON, OBO C. RICHARDSON Plaintiff, | § § § § | |
| V. | § § | CIVIL ACTION NO. H-11-04616 |
| CAROLYN W. COLVIN, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,[1] Defendant. | § § § § § § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court in this social security appeal is Plaintiff's Motion for Summary Judgment (Document No. 10), and Defendant's cross Motion for Summary Judgment (Document No. 12). After considering the cross motions for summary judgment, memoranda in support of the cross motions for summary judgment, the administrative record, the written decision of the Administrative Law Judge, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion for Summary Judgment is GRANTED, Plaintiff's Motion for Summary Judgment is DENIED, and the decision of the Commissioner is AFFIRMED.

I.   **Introduction**

Plaintiff Concera Richardson ("Richardson") brings this action pursuant to Section 405(g) of the Social Security Act ("Act"), 42 U.S.C. §405(g) (2010), seeking judicial review of

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she therefore should be substituted for Michael J. Astrue as the defendant in this case.

an adverse final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI") benefits. Richardson argues: (1) that substantial evidence does not support the Administrative Law Judge's ("ALJ") decision; and (2) that the ALJ failed to follow the disability opinion of the treating psychiatrist. In contrast, the Commissioner argues that substantial evidence in the record supports the ALJ's decision, and that the ALJ followed the correct legal standards in reaching her decision.

## II. Administrative Proceedings

On November 5, 2009, while Richardson was under the age of 18, Betty J. Williams (described as Richardson's aunt) filed on Richardson's behalf an application for SSI benefits pursuant to Title XVI, alleging that Richardson had been disabled since September 23, 2008, as a result of attention deficit hyperactivity disorder, bipolar disorder, and psychosis. (Tr. 10). The Social Security Administration denied Richardson's application at the initial and reconsideration stages. (Tr. 10). Subsequently, Richardson requested a hearing before an ALJ. (Tr. 10). The Social Security Administration granted her request and the ALJ, Janis Estrada, held a hearing December 8, 2010. (Tr. 10). On January 8, 2011, the ALJ issued her decision finding that Richardson was not disabled, and was therefore not entitled to SSI benefits. (Tr. 11).

On March 7, 2011, Richardson sought review of the ALJ's adverse decision with the Appeals Council. (Tr. 217-219). The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused her discretion; (2) the ALJ made an error of law in reaching her conclusion; (3) substantial evidence does not support the ALJ's actions, findings, or conclusions; or (4) a broad policy issue may affect the public interest. 20 C.F.R. § 404.970 (2012); 20 C.F.R. § 416.1470 (2012). After

considering Richardson's contentions in light of the applicable regulations and evidence, the Appeals Council concluded that there was no basis for review. (Tr. 1). Thus, the ALJ's decision became final.

Richardson has filed a timely appeal of the ALJ's decision. 42 U.S.C. § 405(g) (2010). The parties have filed cross motions for summary judgment (Document Nos. 10 & 12). The appeal is now ripe for ruling.

### III. Standard for Review of Agency Decision

The court's review of a denial of disability benefits is limited "to determining (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards" *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Title 42, Section 405(g), limits judicial review of the Commissioner's decision: "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. The act specifically grants the district court the power to enter judgment, upon the pleadings and transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security, without remanding the cause for a rehearing" when not support by substantial evidence. 42 U.S.C. § 405(g) (2010).

"The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Additionally, conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Further, substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

## IV.     Availability of Supplemental Security Income Benefits

SSI benefits under Title XVI of the Act, 42 U.S.C. § 1381 et seq, are available to aged, blind, and disabled individuals, including minors who are disabled. *See* 42 U.S.C. § 1382, 1382c (2010). Under 42 U.S.C. § 1382c(a)(3(A), an individual aged 18 or over,

> shall be considered disabled [for purposes of supplemental security income benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

Such an individual, however, will only be found to be under a disability if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 13872c(a)(3)(B) (2010). For individuals under the age of 18, SSI benefits are available if the individual is disabled - meaning for the those under the age of 18 that:

> [the] individual has a medically determinable physical or mental impairment,

4

which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C) (2010).

An individual seeking supplemental security income benefits, either for themselves at 18 years of age or older, or on behalf of a minor (under the age of 18), has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988); *Tate ex rel. Tate v. Commissioner*, 368 F.Supp.2d 661, 663-664 (E.D. Mich. 2005); *Bean v. Astrue*, 2009 W.L. 3335026 at *19 (M.D.Tenn. 2009).

In evaluating whether a child (under the age of 18) is entitled to SSI benefits under Title XVI, a three-step sequential analysis is employed. *See* 20 C.F.R. § 416.924(a) - (d) (2012). First, it must be determined whether the child is engaged in substantial gainful activity. If so, a finding of not disabled must be made; if not, it must next be determined whether the child's impairment or combination of impairments is severe. A child will not be found to have a severe impairment if it constitutes only a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." 20 C.F.R. § 416.924(c) (2012). If the child has a severe impairment it must finally be determined whether the impairment meets, equals or is functionally equal in severity to a listed impairment. 20 C.F.R. §§ 416.924(d), 416.926, 416.926a (2012).

V.   **Discussion**

In this appeal, Richardson challenges the ALJ's conclusion that she has not been under a disability within the meaning of Section 1614(a)(3)(C) of the Act since November 5, 2009, the date her initial application was filed. Particularly, Richardson maintains that substantial evidence does not support the ALJ's decision and that the ALJ erred by not adequately examining the

evidence presented. According to Richardson, the ALJ failed to give proper weight to all of the limitations imposed by the severity of her impairments. In addition, Richardson maintains that the ALJ further erred by not accepting Dr. Flower's opinion that she met or functionally equaled the listed impairments for Psychotic Disorder, Mood Disorder, or Attention Deficit Hyperactivity Disorder (ADHD).

The ALJ concluded in the written decision that Richardson's mental impairments, taken both separately and together, and however diagnosed, do not meet the requirements of listing 112.04 for mood disorders - or the requirements of any other plausible applicable listing, because the mental impairments do not cause effects on Richardson's life of listing level severity (Tr. 15). In formulating these conclusions, the ALJ correctly considered all of the relevant evidence in the case record based on the requirements of 20 C.F.R. § 416.924a(a) (2012) and SSR 09-2p. (Tr. 17). "'All of the relevant evidence' includes objective medical evidence and other relevant evidence from medical sources; information from other sources, such as school teachers, family members, or friends; the claimant's statements (including statements from the claimant's parent(s) or other caregivers); and any other relevant evidence in the case record, including how the claimant functions over time and in all settings." (Tr. 17).

The Fifth Circuit unambiguously rejects rigid rules of articulation and has held that the ALJ does not have to specifically discuss all evidence that supports the decision or all the evidence the ALJ rejected. *See Flaco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). Instead, the Fifth Circuit only requires that the ALJ adequately explain the reasons for her decision. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Considering the scope of the evidence reviewed by the ALJ and the ALJ's decision, as a whole, this court finds a comprehensive decision that was properly supported by substantial evidence.

The second issue, raised by Richardson on appeal, is whether the ALJ failed to follow the disability opinion of the treating psychiatrist. Specifically, Richardson argues that the ALJ failed to accord a greater weight to the opinion of Dr. Flowers, and did not give detailed explanation and medical refutation for discounting Dr. Flowers' opinion as required by the Fifth Circuit. *See Myers v. Apfel*, 283 F. 3d 617, 621 (5th Cir. 2001).

In determining whether a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight, Section 404.1527(d)(2) requires that the opinion be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2) (2012). In this case, Richardson only relies on the fact that Dr. Flowers' disability opinion is "well-supported" and does not give proper support for the requirement that it must also be consistent with the substantial evidence within the record. As noted by the ALJ, Dr. Flowers' records show medication management only, and although they show mental status examinations, they do not indicate that Dr. Flowers performed any therapy through outpatient treatment. (Tr. 15).

Against this consideration of Dr. Flowers' opinion, the ALJ properly relied on substantial evidence in determining that Richardson was not disabled, including; reports by Richardson's teacher, the opinions of State agency medical consultants, and treatment notes by Mellonie Baldwin, M.A. (treating therapist), all of which contradicted Dr. Flowers' opinion.[2] The ALJ has

---

[2] The ALJ's decision provides,

> Dr. Flowers' own records from the claimant's treatment do not support his stated opinion. As state already noted, Dr. Flowers' records report essentially medication management only - though they show mental status examinations, they do not show Dr. Flowers' performing any therapy. Dr. Flowers does not

7

the responsibility to resolve conflicting medical opinions. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Additionally, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). Here, the ALJ did not err in relying on the opinions and treatment notes from several treating, examining, and reviewing physicians, other non-medical sources, as well as testimony from Richardson's parents to make her conclusion.

---

note the claimant with any difficulties in her personal functioning or any difficulties in maintaining concentration persistence or pace - he simply never rates these at all (*See, e.g.,* Exh.11F in globo). Dr. Flowers actually consistently describes the claimant as fairly normal, with a depressed mood and occasionally grandiose thoughts.

Further, Dr. Flowers' stated opinion is not consistent with the report from Ms. Baldwin, whose brief statement seems a far cry from marked difficulties, given the definitions of marked applied in Social Security disability proceedings. Similarly, the reports from a psychiatric evaluation made for the claimant's school shows nothing similar to Dr. Flowers' opinion of the claimant (Exh. 2E 7 t seq.). The comments in the school file concerning significant functional problems refer to the claimant's mother (See, e.g., Exh. 2E-5), who reported the claimant was the result of a rape, as a cause of those problems, not to the claimant's mental impairments.

Similarly, Dr. Flowers' stated opinion is not consistent with the report from Lauren Nobles, the claimant's teacher, who assigns her mostly no problems or slight problems in functioning - with the only serious problem being handling frustration appropriately (Exhs. 7E and 13E, *See* at 6).

Further still, the function report from Ms. Williams, who had physical custody of the claimant when the claim was filed, is entirely normal - and specifically shows the claimant with no difficulty in dealing with others, no difficulty in taking care of her personal needs and no difficulty in paying attention and completing tasks (Exh. 4E). Of course, the claimant was - reportedly, by Ms. Richardson in her testimony - removed from Mrs. Williams' care by Child Protective Services, so the value of Mrs. Williams' report is not established.

(Document No. 10).

Because a treating physician's opinion is far from conclusive, the ALJ properly rejected Dr. Flowers' opinions in his Psychiatric Disability Statement. *See Greenspan*, 38 F.3d at 237. Moreover, the ALJ provided clear and comprehensive reasons for rejecting Dr. Flowers' opinions; Richardson has failed to offer medical evidence, as a whole, that contradicted the ALJ's finding. As a result, the ALJ did not err in failing to follow the opinion of Dr. Flowers.

## VI. Conclusion and Order

Based on the foregoing, and the conclusion that substantial evidence supports the decision that Richardson is not disabled, and that the ALJ followed the correct legal standards in reaching this decision, and weighing the opinions of Richardson's treating physician against the other evidence; the Court

ORDERS that Plaintiff's Motion for Summary Judgment (Document No. 10) is DENIED, Defendant's Motion for Summary Judgment (Document No. 12) is GRANTED, and the decision of the Commissioner denying Richardson's application for SSI benefits is AFFIRMED.

Signed at Houston, Texas, this 28th day of March, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE